UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JITESH SHAH, *et al.*,

Plaintiffs,

v.

COUNTY OF KERN, *et al.*,

Defendants.

Case No. 1:25-cv-01130-JLT-CDB

ORDER GRANTING DEFENDANTS' MOTION TO COMPEL AND FOR SANCTIONS

(Doc. 53)

ORDER FOR PLAINTIFFS TO SHOW CAUSE WHY UNSERVED DEFENDANTS SHOULD NOT BE DISMISSED

**Deadline – Aug. 26, 2026**

**Background**

Plaintiffs Jitesh, Nipa, and Manraj Shah, together with Manraj Hospitality, Inc. ("Plaintiffs") commenced this action with the filing of a complaint in the Central District of California on July 2, 2025. In the operative complaint, Plaintiffs assert causes of action against Defendants County of Kern and its Kern County Public Health ("KCPH") division, various officers/employees of KCPH, and the City of Bakersfield and a named code enforcement officer.[1] Plaintiffs are the owners and operators of a 50-unit hotel in Bakersfield and their claims against

[1] There is no record evidence that Plaintiffs served the Bakersfield defendants with summons and complaint and neither defendant has appeared in the action. Accordingly, the Court will order Plaintiffs to show cause why these defendants should not be dismissed for Plaintiffs' failure to timely effect service of process. *See* Fed. R. Civ. P. 4(m).

Defendants derive from Defendants' alleged code enforcement-related activities at the hotel beginning in or around July 2024 through at least February 2025.

On September 3, 2025, the Central District court granted County of Kern's motion in the alternative to transfer the case to this Court. (Doc. 16). Thereafter, at the Court's direction, the parties filed a joint scheduling report and the Court convened with the parties for scheduling conference on December 11, 2025. (Docs. 31, 37, 38). That same day, the Court entered the operative scheduling order and therein adopted all of the case management dates as proposed by the parties. *Cf.* (Doc. 31) *with* (Doc. 39). Relevant here, the Court ordered that Rule 26 initial disclosures be exchanged no later than January 4, 2026, and that nonexpert discovery be completed by May 25, 2026. (Doc. 39). To date, no party has requested any extensions or continuances of the case management dates.

On June 1, 2026 (after nonexpert discovery had closed), counsel for Defendants contacted the Courtroom Deputy to report that the parties' good faith efforts to resolve a discovery dispute have been unsuccessful. (Doc. 45). Thereafter, the parties filed a joint discovery dispute brief and convened in Court for an informal discovery dispute conference on June 15, 2026. (Docs. 45-48). In short, the discovery dispute involved Defendants' contention that Plaintiffs failed to respond to any of the interrogatories and requests for production of documents Defendants propounded pursuant to Rules 33 and 34, Federal Rules of Civil Procedure. Consistent with the parties' letter brief (Docs. 46, 47), counsel for Plaintiffs maintained during the discovery dispute conference that he did not dispute Defendants' entitlement to relief but explained that he had been unable to timely respond to Defendants' discovery requests due to a medical issue and his absence for approximately one week in observance of a religious holiday. *See* (Doc. 47 at 3). In the parties' letter brief, Plaintiffs requested that the Court permit them to respond to Defendants' discovery demands by no later than July 9, 2026.

After entertaining arguments and discussion at the discovery dispute conference, the Court ordered Plaintiffs to serve upon Defendants responses (verified as required) and produce documents responsive to Defendants' written discovery demands (*see* Docs. 47-1 through 47-8). (Doc. 48). The Court initially indicated its intention to set Plaintiffs' response deadline for June 25, 2026, but

counsel for Plaintiffs requested five additional days, stating "If I could just have another five days I will get [discovery] out" and that he was "going to be very diligent now." The Court relented and set the deadline for Plaintiffs to respond to Defendants' discovery demands on June 30, 2025.

Plaintiffs did not produce any discovery responses by the June 30 deadline. Accordingly, Defendants requested permission and the Court authorized their filing of a motion to compel. (Docs. 49-51). Defendants filed their motion on July 16, 2026; Plaintiffs filed an opposition on July 27, 2026; and Defendants file a reply on July 28, 2026. (Docs. 53, 56-57). The Court convened with the parties for motion hearing on August 6, 2026. (Doc. 58). As of that date, Plaintiffs still had not served responses to Defendants' discovery requests.

**Governing Legal Standard**

Court orders and rules governing discovery "make a trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent. Only strong public policies weigh against disclosure." *United States v. Procter & Gamble Co*., 356 U.S. 677, 682 (1958) (internal citation omitted). As a foundational component of civil discovery, Federal Rule of Civil Procedure 26 provides in relevant part that "a party must, without awaiting a discovery request, provide to the other parties: ... (ii) a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(ii). Separately, Rules 33 and 34 permit parties to seek discoverable information from each other through interrogatories and requests for production of documents. Those rules set forth the responding party's obligations in relation to timely responding to such discovery demands.

Rule 37 permits a party to seek to compel another party to comply with its discovery obligations imposed pursuant to Rule 26(a), Rule 33, Rule 34, or other order of the court governing discovery. Under Rule 37(c), a party that "fails to provide information or identify a witness as required by Rule 26(a) or (e)" may not "use that information or witness to supply evidence ... at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp*., 259 F.3d 1101, 1106 (9th Cir. 2001) ("Rule 37(c)(1)

gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed."). "The Advisory Committee Notes describe it as a 'self-executing,' 'automatic' sanction to 'provide[ ] a strong inducement for disclosure of material....'" *Id*. (quoting Fed. R. Civ. P. 37 advisory committee's note (1993)). Similarly, under Rule 37(d), the Court may impose sanctions where a party's failure to respond to interrogatories or requests for production of documents is neither substantially justified nor harmless. Rule 37(b)(2)(A) sets forth the sanctions available, including evidentiary and financial sanctions.

"Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys Ltd. v. Novelty, Inc*., 375 Fed. Appx. 705, 713 (9th Cir. 2010) (citing *David v. Caterpillar, Inc*., 324 F.3d 851, 857 (7th Cir. 2003)). "The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or harmless." *R & R Sails, Inc. v. Ins. Co. of Pa*., 673 F.3d 1240, 1246 (9th Cir. 2012).

**<u>Discussion</u>**

Plaintiffs undeniably have violated Rule 26(a), Rule 33, Rule 34, and the provisions of this Court's scheduling order governing discovery and its most recent order directing Plaintiffs to respond to Defendants' propounded discovery requests.

First, counsel Plaintiffs not only failed to make any disclosures required by Rule 26(a) by the deadline imposed (January 4, 2026, *see* Doc. 39) – to date, they have failed entirely to make <u>any</u> Rule 26(a) disclosures. Nor have Plaintiffs seriously offered any excuse for their failure to comply with Rule 26(a) aside from counsel's repeated assertion that his performance is inhibited by a medical condition. Counsel first brought the issue of his medical condition to the Court on September 17, 2025 (before the case was scheduled) in responding to a show cause order issued for his failure to comply with the Court's order to complete and file a document issued by the Court upon the transfer of the action (a U.S. magistrate judge consent jurisdiction form). (Docs. 22, 24,

26). Importantly, according to counsel's response then, the medical issue, which counsel continues to assert inhibits his performance today (*see, e.g.*, Doc. 56, Declaration of Frank A. Weiser, at 2, ¶ 2), was precipitated more than two weeks prior to the Court's order directing Plaintiffs to file the document referenced above; yet, counsel never sought an extension of the filing deadline and only informed the Court about the medical issue after the Court issued its show cause order.

Second, counsel for Plaintiffs does not dispute that they failed to respond in any manner to Defendants' discovery requests as required by Rule 33, Rule 34, and the Court's scheduling order. *See* (Doc. 47 at 3). Instead, in a filing dated June 12, 2026, counsel for Plaintiff maintained that the same medical issue and a case backlog resulting therefrom "impeded his ability to complete the discovery responses." *Id*. However, once again, counsel failed to seek a reasonable extension of governing deadlines before the deadlines passed, and instead, waited until nonexpert discovery already had closed before explaining his delinquency.

Third, counsel for Plaintiffs similarly failed to comply with this Court's order of June 15, 2026, directing Plaintiffs to remedy their failure to respond to Defendants' discovery requests. Once again, counsel for Plaintiffs never sought from the Court an extension of the deadline to serve discovery responses. Instead, by his repeated intransigence and failure to engage in good faith meet-and-confer efforts[2], counsel for Plaintiffs left Defendants few options besides seeking relief of Court for Plaintiffs' failure to comply with the Court's discovery orders. And only after Defendants filed their motion to compel did counsel for Plaintiff represent to the Court that his continuing medical issues (and other more transitory issues) caused him to "inadvertently" fail to serve discovery responses. (Doc. 56 at 3-4).

Having found that Plaintiffs violated Rule 26(a), Rule 33, Rule 34, and this Court's discovery orders referenced above (see Docs. 39, 48), the Court considers whether Plaintiffs' failure was substantially justified or harmless such that sanctions would not be warranted. See Fed. R.

---

[2] Regarding counsel's failure to meet-and-confer in good faith, counsel for Defendants attests – and Plaintiffs have not challenged or disputed – that Plaintiffs' counsel failed to respond to Defendants' first meet-and-confer, dated May 27, 2026, and after failing to comply with the Court's subsequent discovery order, failed to respond to Defendants' second meet-and-confer letter, dated July 2, 2026. *See* (Doc. 53, Declaration of Alexandria M. Ottman, ¶¶ 4, 7).

Civ. P. 37(c)(1) & (d)(1), (3). First, the Court finds Plaintiffs' discovery misconduct is not substantially justified. Counsel for Plaintiffs largely attributes his continuing failure to comply with his discovery obligations to a lingering medical issue. However, in his submissions to the Court (*see* Docs. 26, 47, 56), counsel only refers to the medical issue in general terms without setting forth particulars about how specifically the condition prohibits him from complying with his discovery obligations. Particularly where counsel has never proactively raised the issue of his medical condition and sought from the Court an extension *in advance* of the expiration of a deadline, but, rather, waited until *after* the deadline has passed before raising his health as an excuse, the Court cannot accept counsel's perfunctory references to his health as a justifiable reason to excuse his wholesale failure to engage in any discovery during the litigation of this case. This is especially true where, on at least two prior occasions, counsel for Plaintiffs made representations to the Court suggesting that he could timely and effectively litigate the case notwithstanding his medical condition. First, in the parties' mid-discovery status report filed April 14, 2026, counsel for Plaintiffs represented that Plaintiffs "intend to serve their initial discovery by next week," and "intend to take the depositions of the County Defendants and witnesses"; counsel did not indicate that any medical condition or other circumstances would inhibit him in performing these tasks. (Doc. 42 at 2). Most recently, when the Court extended to Plaintiffs additional time to remedy their discovery deficiencies, counsel represented that "I will get [Defendants] their discovery" and "I'm going to be very diligent now" and intended to "bring-in an associate to assist." *See* (Doc. 48, transcript of 6/15/2026 discovery dispute conference). With these representations, counsel for Plaintiff tacitly assured both counsel for Defendants and the Court that his medical condition would not inhibit him from remedying his discovery misconduct.

With respect to Defendants' requests for production of documents, nor can Plaintiffs credibly argue that their discovery misconduct was harmless. Thus, Defendants' document requests to Plaintiffs sought production of several categories of documents that counsel for Plaintiffs conceded at the motion hearing are the types of documents Plaintiffs would use in support of their claims, including documents related to Defendants' alleged July 30, 2024, inspection and investigation of Plaintiffs' hotel, including private areas of the hotel without permission or a

warrant, that forms the basis of Plaintiffs' claims. *See* (Doc. 47-5, Defendants' Request for Production of Documents, Set One, Nos. 9 &10); *see also* (Doc. 58, transcript of motion hearing and counsel's concession that such documents would be used to support Plaintiffs' claims). Nor is there any argument that Plaintiffs' discovery misconduct is mitigable given that some of the documents Defendants requested may be available through other sources or already in Defendants' possession. *See Martino v. Kiewit New Mexico Corp*., 600 Fed. Appx. 908, 911 (5th Cir. 2015) ("even if a document is publicly available or in the opposing party's possession, a party must still disclose it under Rule 26(a)(1)(A) to provide notice of evidence central to its claims or defenses.").

In contrast, the Court finds that Plaintiffs' failure to respond to Defendants' interrogatories is harmless. Defendants served their interrogatories upon Plaintiffs just 30 days prior to the close of nonexpert discovery and did not notice any depositions for either Plaintiffs or other witnesses. Although Defendants were not obligated to notice depositions, they represented to the Court in the parties' joint mid-discovery status report that they "anticipate[d] setting the depositions of Plaintiffs and witnesses." (Doc. 42). Had Defendants proceeded to undertake depositions of Plaintiffs and their witnesses, they likely would have been able to discover most of the information they sought to obtain through interrogatories. Whether forgoing depositions was a deliberate tactical decision or otherwise, it was incumbent on Defendants to either seek more fulsome discovery or seek relief of Court earlier in the litigation. *See, e.g., Casida v. Sears Holding Corp*., No. 1:11-cv-01052-AWI-JLT, 2012 WL 3260423, at *4 (E.D. Cal. Aug. 8, 2012) ("Defendants should have taken adequate steps to protect their rights by seeking the Court's assistance and intervention and their failure to do so now precludes them from excluding Ms. Gonzalez'[s] declaration.").

Excusing Plaintiffs' failure to participate in discovery and providing them one more opportunity and extension of time to remedy their deficiencies would require significant modifications to the existing case management dates, including (1) reopening nonexpert discovery, and potentially, expert discovery, to facilitate Defendants' examination of Plaintiffs' witnesses regarding documents belatedly produced ; (2) resetting a schedule on non-dispositive motions in anticipation of any issues arising from the recommencement of discovery; and (3) resetting a schedule on dispositive motions. Such disruption to the schedule that was established for this case

eight months ago is not harmless. *See Wong v. Regents of Univ. of Cal*., 410 F.3d 1052, 1062 (9th Cir. 2005) (affirming exclusion of plaintiff's untimely disclosed expert witness and noting late disclosure was not harmless because excusing the Rule 26 failure would have required alteration of the trial schedule; "[d]isruption to the schedule of the court and other parties in that manner is not harmless."). Accord *Jarritos, Inc. v. Reyes*, 345 Fed. Appx. 215, 217 (9th Cir. 2009) (same).

* * * * *

In summary, the Court finds that Plaintiffs violated their discovery obligations by failing to make required disclosures under Rule 26(a) and to respond to Defendants' requests for production of documents, and that their failures were not substantially justified or harmless. Accordingly, the Court will impose a form of the evidentiary sanction requested by Defendants: Plaintiffs are prohibited from introducing in connection with summary judgment briefing or at trial any documentary evidence, or testimony about documentary evidence, derived from documents that are responsive to Defendants' Request for Production of Documents, Set One. *See* Fed. R. Civ. P. 35(b)(2)(A)(ii) & (d)(1)(A)(ii), (3). Moreover, given their failure to make required disclosures under Rule 26(a), Plaintiffs are prohibited from introducing in connection with summary judgment briefing or at trial any testimony, declaration, or statement by any non-party witness. Although these evidentiary sanctions undoubtedly will make it "more difficult, perhaps almost impossible" for Plaintiffs to establish at trial their entitlement to relief, such sanctions are less than a dismissal and, thus, within this Court's "wide latitude" to order notwithstanding the absence of a finding by the Court that the Plaintiffs acted in bad faith. *See Yeti by Molly*, 259 F.3d at 1106.

Separately, the Court has reviewed counsel for Defendants' declaration (Doc. 58 at 32) and finds that counsel's request for costs and attorney's fees incurred because of Plaintiffs' discovery violations is reasonable given the number of hours expended in litigating the motion to compel (eight) and the reasonable hourly rate sought ($241 per hour). *See Morgan Hill Concerned Parents Ass'n v. Cal. Dep't of Educ*., No. 2:11-cv-03471-KJM-AC, 2017 WL 4154927, at *4 (E.D. Cal. Sept. 19, 2017) (noting that an award of fees is warranted upon the grant of a party's motion to compel and that courts use the lodestar method to calculate reasonable fees awardable); *Nexlevel, of Cal., Inc. v. CVIN, LLC*, No. 1:14-cv-00288-LJO-SKO,

2016 WL 5870169, at *1 (E.D. Cal. Oct. 6, 2016) (same, where party is found to have violated a court's discovery order).

**Conclusion and Order**

For the reasons set forth above, it is HEREBY ORDERED:

1. Defendants' motion to compel and for sanctions (Doc. 53) is GRANTED;

2. Plaintiffs are prohibited from introducing in connection with summary judgment briefing or at trial any documentary evidence, or testimony about documentary evidence, derived from documents that are responsive to Defendants' Request for Production of Documents, Set One (Doc. 47-5);

3. Plaintiffs are prohibited from introducing in connection with summary judgment briefing or at trial any testimony, declaration, or statement by any non-party witness;

4. No later than August 26, 2026, Plaintiffs shall pay Defendants $1,928.00 for attorney's fees and costs incurred in connection with litigating Defendants' motion to compel; and

5. No later than August 26, 2026, Plaintiffs shall show cause in writing why Defendants City of Bakersfield and Charles L. Hernandez should not be dismissed from this action for Plaintiffs' failure to timely serve them with summons and complaint. *See* Fed. R. Civ. P. 4(m).

**Any failure by Plaintiffs to timely comply with this order may result in the imposition of sanctions, including a recommendation to dismiss this action.**

IT IS SO ORDERED.

Dated: **August 12, 2026**

UNITED STATES MAGISTRATE JUDGE